**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JARON TYREE GRADE,** | * | |
| **Petitioner,** | * | |
| v. | * | **Civ. No. DLB-22-1529** |
| **CASEY M. CAMPBELL,** *et al.*, | * | |
| **Respondents.** | * | |

**MEMORANDUM**

Jaron Tyree Grade filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. The respondents filed an answer to the petition asserting it must be dismissed as untimely. ECF 3. On September 6, 2022, the Court directed Grade to file a response to the respondents' timeliness defense within 28 days. ECF 5. Grade failed to file a response. No hearing is necessary. *See* Rule 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition is dismissed as time-barred, and a certificate of appealability shall not issue.

**I.      Background**

On November 3, 2003, Grade was indicted on charges of two counts of first-degree murder, attempted first-degree murder, first-degree assault, and two counts of use of a handgun in a crime of violence. ECF 3-1, at 6. On November 30 through December 3, 2004, Grade was tried by jury in the Circuit Court for Baltimore County, Maryland. *Id.* at 8. Grade was found guilty on two counts of first-degree murder and one count of use of handgun in a crime of violence. *Id.* at 9. On December 22, 2004, the Circuit Court sentenced Grade to life imprisonment plus 20 consecutive years. *Id.* at 9–10. On appeal, the Maryland Supreme Court reversed his conviction, finding that

the trial judge violated Md. Rule 4-326(d) pertaining to communication with jurors.[1] *Grade v. State*, 64 A.3d 197 (Md. 2013).

On remand, Grade was tried for a second time by jury on April 1 through April 4, 2014. ECF 3-1, at 26–27. Again, Grade was found guilty of two counts of first-degree murder and one count of use of a handgun in a crime of violence and was sentenced to life plus 20 years imprisonment. *Id.* at 15–16. Grade filed a direct appeal with the Appellate Court of Maryland, and in an unpublished opinion issued on January 8, 2016, Grade's conviction was affirmed. ECF 3-1, at 101–34. The mandate issued on February 8, 2016. *Id.* at 135. Grade's petition for certiorari was denied by the Supreme Court of Maryland on April 25, 2016. *Id.* at 186.

More than a year later, on November 22, 2017, Grade filed a petition for post-conviction relief. *Id.* at 187–214, 215–78. The state circuit court held a hearing on July 16, 2021. *Id.* at 15, 34. On August 25, 2021, the circuit court issued a memorandum opinion denying all grounds for relief except Grade's request to file a belated motion for modification of sentence. *Id.* at 279–302. Grade filed an application for leave to appeal to the Appellate Court of Maryland, which was denied on May 25, 2022. *Id.* at 366.

Grade filed his petition for writ of habeas corpus in this Court on June 9, 2022. ECF 1 (date of Grade's signature). He alleges that (1) his trial counsel was ineffective for failing to object to improper multi-part voir dire questions; (2) the prosecutor engaged in misconduct during closing argument by vouching for witnesses; (3) his trial counsel was ineffective for failing to argue that, under the doctrine of collateral estoppel, the State should not have been able to "argue[] same testimony in second trial" after he "was acquitted of first-degree assault in his first trial"; and (4)

---

[1] When Grade's case was litigated in the Maryland state courts, the Appellate Court of Maryland was named the "Court of Special Appeals" and the Supreme Court of Maryland was named the "Court of Appeals of Maryland." They were renamed effective December 14, 2022.

his trial counsel was ineffective for failing to call a lay witness who could identify the actual

shooter. *Id.* at 4–5.

## II.    Standard of Review

A one-year limitations period applies to petitions filed pursuant to 28 U.S.C. § 2254,

counting down from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is subject to tolling in certain circumstances. The habeas statute

provides that "[t]he time during which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall not be

counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other

words, the federal clock is paused during the pursuit of state post-conviction relief, assuming the

application for state post-conviction relief was properly filed. The limitations period is also subject

to equitable tolling "in those 'rare instances where—due to circumstances external to the party's

own conduct—it would be unconscionable to enforce the limitation against the party and gross

injustice would result.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting

*Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th

Cir. 2000))). To equitably toll the limitations period, the habeas petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). Extraordinary circumstances may involve "wrongful conduct" on the part of the government or other circumstances beyond the petitioner's control. *Harris*, 209 F.3d at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

### III.    Analysis

In this case, the one-year limitations period runs from the date on which the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A); *see Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (noting the first date applies "unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date"). Grade unsuccessfully appealed his convictions at his second trial through the Maryland state courts. The Maryland Court of Appeals denied Grade's petition for certiorari on April 25, 2016. Grade had 90 days from that date to pursue certiorari review in the United States Supreme Court, which he did not do. *See* U.S. Sup. Ct. Rule 13.1. Therefore, Grade's conviction became final on July 25, 2016.[2] *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (noting that, if discretionary review in the state court of last resort is sought, the conviction "becomes final . . . when the time for pursuing direct review in [the Supreme] Court . . . expires"). Absent tolling, the limitations period for habeas review would have closed on July 25, 2017.

---

[2] July 24, 2016, fell on a Sunday.

More than a year elapsed before Grade filed his petition for post-conviction relief on November 22, 2017. This post-conviction petition would have tolled the limitation period. *See* 28 U.S.C.A. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). But because it was filed more than a year after Grade's conviction was final, the statute of limitations period already had expired.

By the time Grade filed his federal habeas petition on June 9, 2022, more than a year had passed where he had no state post-conviction or collateral review pending. Grade's federal petition is therefore untimely. In his petition, Grade stated that he believed the one-year limitations period did not apply because the post-conviction court granted his request to file a belated motion for modification of sentence and a belated application for review of sentence. ECF 1, at 4; *see* ECF 3-1, at 302 (August 25, 2021 state court order that "the Petitioner may file within 30 days of the docketing of this Order a belated Motion for Modification of Sentence and a belated Application for Review of Sentence"). If that truly was Grade's belief and the reason why he did not file his federal habeas petition within the statute of limitations, Grade clearly was mistaken. By the time the state court granted his request to file a belated motion for modification of sentence and a belated application for review of sentence request, the one-year limitations period for a federal habeas petition had already expired. The Court gave Grade an opportunity to respond to the respondents' timeliness argument, ECF 5, but Grade did not respond.

## IV.    Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason

5

would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Grade's pleadings fail to demonstrate that a certificate of appealability should issue; he still may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order dismissing the petition as untimely and denying a certificate of appealability follows.

May 9, 2025
Date

Deborah L. Boardman
United States District Judge